**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen M. Street,<br><br>           Plaintiff,<br><br>v.<br><br>Wachovia Mortgage, et al.,<br><br>           Defendants. | No. CV-12-02309-PHX-DGC<br><br>**ORDER** |

On November 2, 2011, Defendant MTC Financial Inc., d.b.a. Trustee Corps ("Trustee Corps"), filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). Doc. 6. On November 5, 2011, Defendant Wells Fargo Bank, N.A., successor by merger to Wachovia Mortgage, F.S.V., filed a motion to dismiss under Rules 8 and 12(b)(6). Doc. 7. In response, Plaintiff brought a motion to strike claims asserted in the motions to dismiss. Docs. 14-15. The motions have been fully briefed and no party has requested oral argument. Docs. 14-18. For the reasons that follow, the Court will grant Defendants' motions and deny Plaintiff's motion.

**I.     Background.**

On November 22, 2004, Plaintiff signed a promissory note for a loan from World Savings Bank, F.S.B. in the amount of $221,000. Doc. 7 at 2. Repayment of the loan was secured by real property located at 12600 N. 88th Place in Scottsdale, Arizona, as evidenced by a deed of trust ("DOT"). *Id.* On December 31, 2007, World Savings Bank changed its name to Wachovia Mortgage, F.S.B., and in November 2009 Wachvoia

Mortgage merged with Wells Fargo.

On April 6, 2012, Wells Fargo recorded a Substitution of Trustee dated March 14, 2012, that appointed Trustee Corps as trustee under the DOT. Trustee Corps then recorded a Notice of Trustee's Sale. The sale occurred on November 15, 2012.

**II. Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). But the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

**III. Analysis.**

  **A. Defendant Trustee Corps.**

Trustee Corps argues that it has been improperly joined in this action under Arizona law. Doc. 6 at 15. A.R.S. § 33-807(E) states that a "trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed[.]" To receive the benefit of this statute, a trustee must show: (1) the trustee has been named as a defendant in the claim, (2) the claim relates to the authority of the trustee to act, given to the trustee either

1 | by the trust deed or Arizona statutes regulating trust deeds, and (3) the claims do not
2 | allege that the trustee breached any of his or her obligations that arise under either the
3 | deed of trust or the chapter of the Arizona Revised Statues that regulates deeds of trust.
4 | *Puzz v. Chase Home Finance, LLC*, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011).

All three elements are satisfied in this case. Trustee Corps has been named as a Defendant, the claim relates to the authority of the trustee to act because of alleged irregularities with the DOT, and the claim does not allege that Trustee Corps has breached any of its duties under the DOT or Arizona Revised Statutes. Additionally, Plaintiff's claim to quiet title cannot properly lie against Trustee Corps because, as trustee, it does not claim any interest in the title. Accordingly, Trustee Corps' motion to dismiss is granted.

**B.   Defendant Wells Fargo.**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). A claim must also be "stated clearly enough to provide each defendant fair opportunity to make a responsive pleading." *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1076 (D. Ariz. 2012).

The complaint contains segments copied from several other long and unwieldy complaints that have been dismissed in the District of Arizona. *See Przybylski v. Stumpf*, No. CV 10-8073-PCT-GMS, 2011 WL 31194 (D. Ariz. Jan. 5, 2011); *Vollmer v. Present*, No. CV 10-1182-PHX-MHM, 2011 WL 11415 (D. Ariz. Jan. 4, 2011). Regarding the complaint in *Vollmer*, the court stated that it was "generalized, conclusory, and, at times, non-sensical, quoting various sources at length on a myriad of issues tangentially related to the country's financial system." 2011 WL 11415 at *3. Pages 16-32 of Plaintiff's 45-page complaint (Doc. 1 at 24-40) are identical to pages 33-49 of the 132-page complaint in *Vollmer* (No. CV 10-1182-PHX-MHM, Doc. 1-4 at 43-59).

Although the complaint in this case is not as long, it suffers from nearly all of the same defects. It is difficult to separate and identify the claims, but it seems variously to

allege that Defendants are not a real party in interest and may not enforce the promissory note or DOT (Doc. 1 at 42-43), the note was a contract of adhesion, unconscionable, and unenforceable (Doc. 1 at 32-33), Defendants have committed fraud (Doc. 1 at 9), the promissory note was purposefully destroyed (Doc. 1 at 19), the promissory note was improperly assigned (Doc. 1 at 43), and the deed of trust is a cognovits note or confession of judgment (Doc. 1 at 27). Plaintiff cites various foreign and domestic legal sources and the Counterfeit Detection Act of 1992 (Doc. 1 at 17), incorporates the Magna Carta by reference (Doc. 1 at 27), and advances both the "vapor money" (Doc. 1 at 18) and the "show me the note" (Doc. 1 at 12) theories.

Because the complaint lacks organization, specificity, and clarity, it is impractical to expect Defendant to frame an effective response. The Court finds that the complaint fails the Rule 8 pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, the complaint is dismissed without prejudice.

Plaintiff will have the opportunity to amend her complaint. The amended complaint should identify each legal claim in separate paragraphs and specify the party or parties against whom each claim is asserted. The complaint should also contain plain, direct, clear, and simple statements that set forth the facts that Plaintiff alleges demonstrate her right to recover on each legal claim. Each separate factual allegation should be set forth in a separately and consecutively numbered paragraph.

At least some of Plaintiff's claims are likely to fail a Rule 12(b)(6) motion to dismiss. Analyzing a similar, and in places identical, complaint in *Vollmer*, the court specifically addressed the legal sufficiency of the "Show Me the Note" theory, the confession of judgment theory, the unconscionable contract theory, the vapor money theory, and allegations of fraud. *Vollmer v. Present*, No. CV 10-1182-PHX-MHM, 2011 WL 11415 at *3-8 (D. Ariz. Jan. 4, 2011). The court concluded that the "show me the note", vapor money, and confession of judgment (cognovits) claims were "not predicated on cognizable legal theories," and dismissed claims relating to those theories with

prejudice. *Id.*

The alleged requirement that a party must be in possession of the actual note in order to foreclose has been repeatedly rejected in the District of Arizona. *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See Mansour v. Cal-Western Reconveyance Corp.*, No. CV-09-37-PHX-DGC, 2009 WL 1066155 at *2 (D. Ariz. Apr. 21, 2009) (collecting cases). This claim lacks legal authority.

With respect to the confession of judgment claim, Plaintiff has failed to point to any authority, and the Court is aware of none, that supports the proposition that a deed of trust sale authorized by A.R.S. § 33-807(A) runs afoul of the Arizona confession of judgment statute, A.R.S. § 44-143. There is no legal basis for this claim.

Finally, the vapor money theory maintains that mortgages are unenforceable because banks do not actually loan money. "Although not lacking in ingenuity and creativity, this theory is entirely implausible and meritless[.]" *Vollmer*, 2011 WL 11415 at *7. Another district court stated that claims "premised on the so-called 'vapor money' theory [have] been consistently rejected by federal courts as frivolous." *Rodriguez v. Summit Lending Solutions, Inc. et al.*, No. 09CV773, 2009 WL 1936795 at *2 (S.D. Cal. July 7, 2009).

As they are without legal foundation, claims related to these three theories (show me the note, confession of judgment, and vapor money) are dismissed with prejudice. Plaintiff is advised that if she chooses to file an amended complaint, she may not advance legal claims based upon these theories.

**IV. Motion to Strike.**

Plaintiff brings a motion to strike portions of the Defendants' motions to dismiss. Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff does not argue that material in the motions to dismiss satisfies this standard, but rather that Defendants

have not sufficiently "proven" their legal arguments. At the motion to dismiss stage courts evaluate the legal sufficiency of the pleadings and do not weigh evidence of proof. Accordingly, the motion to strike is denied.

**IT IS ORDERED:**

1. Defendant Trustee Corps' motion to dismiss under Rule 12(b)(6) (Doc. 6) is **granted.**

2. Defendant Wells Fargo's motion to dismiss under Rule 8 (Doc. 7) is **granted.** Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**, but claims related to the show me the note theory, the confession of judgment theory, and the vapor money theory are **dismissed with prejudice** and may not be reasserted in an amended complaint.

3. Plaintiff's motions to strike (Docs. 14-15) are **denied.**

4. Plaintiff is granted leave to file an amended complaint by **February 1, 2013.** Plaintiff is advised that this case will be terminated if she fails to file an amended complaint by that date.

Dated this 10th day of January, 2013.

_David G. Campbell_
United States District Judge